Fortunato GARCIA, Plaintiff–Appellant,

v.

Robert HEBERT, i/o, Lisa Killiany, i/o, Magdalena Campos, i/o, Andrew Wittstein, i/o, Jane Serafini, in her individual and official capacity, and John Guerrera, in his individual and official capacity, Defendants–Appellees.

No. 14–2185–cv.

United States Court of Appeals, Second Circuit.

Feb. 13, 2015.

Gabriel North Seymour, Falls Village, CT; and Whitney North Seymour, Jr. (on the brief), New York, NY, for Appellant.

Edward R. Giacci, Shelton, CT, for Appellee Killiany (in her individual capacity).

Thomas J. Davis, Jr., Assistant Attorney General, Hartford, CT, for George Jepsen, Attorney General for the State of Connecticut.

Nicole D. Dorman, Glastonbury, CT, for Appellees Hebert and Guerrera.

Present: PETER W. HALL, RAYMOND J. LOHIER, JR., Circuit Judges, JEFFREY ALKER MEYER,* District Judge.

* Hon. Jeffrey Alker Meyer, United States District Court for the District of Connecticut, sitting by designation.

## SUMMARY ORDER

Plaintiff–Appellant Fortunato Garcia ("Garcia") appeals from a final judgment entered in favor of the Defendants–Appellees by the United States District Court for the District of Connecticut. Garcia challenges a number of the district court's findings of fact and conclusions of law embodied in several decisions filed throughout the course of this litigation. We assume the parties' familiarity with the underlying facts, the procedural history, and the district court's rulings that form the basis of this appeal.

We have reviewed *de novo* the district court's rulings on the motions for summary judgment, *see Gonzalez v. City of Schenectady,* 728 F.3d 149, 154 (2d Cir. 2013), and motions to dismiss, *see Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002), related to all defendants in both their individual and official capacities. We conclude that the district court's rulings are thorough, legally sound, and firmly anchored in the factual record. We have reviewed the district court's decision to set aside the default entered against defendant Hebert and conclude that it does not constitute an abuse of discretion. *See D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 107 (2d Cir.2006); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95–97 (2d Cir.1993).

Finally, to the extent Garcia invites us to revisit the issue of prosecutorial immunity as applied to defendants Campos and Wittstein that this court has previously resolved, *Garcia v. Hebert,* 352 Fed.Appx. 602 (2d Cir.2009), we decline. *See Zdanok v. Glidden Co., Durkee Famous Foods Div.,* 327 F.2d 944, 952–53 (2d Cir.1964) (outlining the "law of the case" doctrine).

We have considered Garcia's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.